NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ALBERT MCARTHUR, | : | CIV. NO. 20-7316(RMB) |
| Petitioner | : | |
| v. | : | OPINION |
| NEW JERSEY STATE PAROLE BOARD, *et al.*, | : | |
| Respondents | : | |

BUMB, United States District Judge

Petitioner Albert McArthur is a prisoner confined in the Southern State Correctional Facility in Delmont, New Jersey. He brings this petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the denial of parole by the New Jersey State Parole Board ("NJPB") on February 3, 2020, and denial of a medical furlough by the New Jersey Department of Corrections ("NJDOC") on May 14, 2020, pursuant to Executive Order No. 124. (Pet., Dkt. No. 1.) Petitioner has paid the filing fee for a petition for writ of habeas corpus. Therefore, the Court will reopen this action.

The New Jersey Supreme Court recently addressed the procedural due process protections and judicial review available when the NJPB denies parole and the NJDOC denies medical furlough under Governor Philip D. Murphy's Executive Order 124. <u>Matter of Request to Modify Prison Sentences</u>, No. 084412, 2020 WL 3022885

(N.J. June 5, 2020). "[A]n inmate can pursue an appeal as of right before the Appellate Division, R. 2:2-3(a)(2)." Id. at *15. Further, when a state prisoner seeks habeas relief from a state parole board decision, the avenue for relief is a petition for writ of habeas corpus under 28 U.S.C. § 2254. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

Before habeas review under § 2254 is available in federal court, a prisoner must exhaust his states remedies by appealing to the Appellate Division and seeking discretionary review from the New Jersey Supreme Court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") Whereas the New Jersey Supreme Court likened the medical furlough available at the discretion of the NJDOC to a parole decision, the avenue for habeas relief is also under § 2254, after exhausting state remedies. See Matter of Request to Modify Prison Sentences, 2020 WL 3022885, at *12-13 (holding state prisoner has an expectation of eligibility for release under Executive Order 124).

According to the petition and attached exhibit, Petitioner has not exhausted his state remedies. In his letter seeking to reopen this matter, Petitioner indicated that his final administrative appeal of the NJPB has been completed. (Letter,

2

Dkt. No. 1.) However, according to the New Jersey Supreme Court in Matter of Request to Modify Prison Sentences, the avenue for relief from a decision of the NJPB is a habeas petition under 28 U.S.C. § 2254, but only after exhausting state remedies, which first requires appeal to the Appellate Division and the New Jersey Supreme Court. Further, a state prisoner must appeal the NJDOC's denial of medical furlough to the Appellate Division. Petitioner has not shown that he exhausted the state court remedies for either of his claims. Thus, the Court will dismiss the petition without prejudice. After exhaustion of state remedies, Petitioner may bring a petition for writ of habeas corpus under 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241.

An appropriate Order follows.

Date: **July 1, 2020**

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**